# EHRET v. STAR BREWERY COMPANY.

TRADEMARKS.

Re-registration of a trademark for lager beer, consisting of a six-pointed star with the letters "G. E." inscribed in the center, originally registered June 9, 1896, is properly refused by the Commissioner of Patents, in view of the registration, September 5, 1893, by another party, of a trademark for lager beer, consisting of a six-pointed star surrounded by two circles, having inscribed between the inner and outer circles the words, "The Celebrated Star Lager Beer;" as the mark sought to be re-registered would tend to confuse the mind of the public with that of the registered mark of the other party. (Following *Re Indian Portland Cement Co.* 30 App. D. C. 463.)

No. 488. Patent appeals. Submitted May 12, 1908. Decided June 2, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Affirmed.*

The facts are stated in the opinion.

*Messrs. Gœpel & Gœpel, Mr. Melville Church,* and *Mr. C. P. Goepel* for the appellant.

*Mr. Fenelon B. Brock* and *Mr. L. D. Turner* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding involving the right of appellant, George Ehret, to register, as a trademark, "the representation of a star for lager beer." It appears that on June 9, 1896, appellant Ehret registered a trademark for lager beer, consisting of a six-pointed star with the letters "G. E." inscribed in monogram in the center. On April 19, 1905, he applied for the registration of the same mark under the present law. Appellee, the Star Brewery Company, on September 5, 1893, registered a trademark consisting of a six-pointed star surrounded by two circles, having inscribed between the inner and outer circle the words, "The Celebrated Star Lager Beer."

It was held by the Examiner of Interferences, and affirmed by the Commissioner, that Ehret was not entitled to re-registration, for the reason that his mark so nearly resembled the mark of appellee as to be likely to cause confusion in the mind of the public. Sec. 5 of the act of Congress approved February 20, 1905, among other things, provides "that trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the

public, or to deceive purchasers, shall not be registered." [33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010.] The mark of appellee and the one here sought to be registered by Ehret are intended to be used on merchandise of the same descriptive properties, namely, lager beer.

The dominant feature of the above marks is the six-pointed star, and while the two marks show a difference in details, we are of the opinion that the main feature of each is such as, of necessity, to designate the goods on which they are used as Star Brand lager beer. This being true, under the former decisions of this court we will have to hold that the use of the mark sought to be registered by Ehret on lager beer would tend to confuse the mind of the public with that of the registered mark of the appellee. *Re Indian Portland Cement Co.* 30 App. D. C. 463.

The decision of the Commissioner of Patents is affirmed, and the clerk will certify these proceedings as required by law.

*Affirmed.*